Berc Agopoglu, Esq. (SBN: 201562)
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile
berc@agopoglulawfirm.com   E-Mail

Attorney for Plaintiff, GUVEN UZUN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUVEN UZUN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CITY OF SANTA MONICA, a Government Entity; OFFICER ARSENIO VALENZUELA; OFFICER EVAN RALEIGH; OFFICER RYAN KING, SERGEANT LEWIS GILMOUR; SERGEANT MICHAEL CHUN and DOES 1 through 50 inclusive,<br><br>　　　　　Defendants. | **Case No.:**<br>**Assigned to the Honorable**<br><br>COMPLAINT FOR DAMAGES FOR<br><br>1. Violation of Civil Rights--Fourth Amendment (42 USC § 1983)<br><br>2. Violation of Civil Rights Fourteenth Amendment (42 USC § 1983)<br><br>3. Assault and Battery<br><br>4. Negligence<br><br>5. Violation of the Bane Act |

Page 1

COMPLAINT

## INTRODUCTION

1. This case challenges the abuse of discretion, excessive force, and coercive acts that deprived the Plaintiff, Guven Uzun, of his federal and state rights. Without probable cause or reasonable suspicion that Dr. Uzun had committed a crime or was about to commit a crime, Officer Arsenio Valenzuela, Officer Evan Raleigh, Officer Ryan King, Sergeant Lewis Gilmour, Sergeant Michael Chun and DOES 1 through 50 of the Santa Monica Police Department brutally assaulted and falsely arrested Dr. Uzun. The officers then made false statements in their reports to conceal the fact they violated Dr. Uzun's rights by using excessive force and unlawfully arresting him. Plaintiff, Guven Uzun, complains of Defendants City of Santa Monica, Officer Arsenio Valenzuela, Officer Evan Raleigh, Officer Ryan King, Sergeant Lewis Gilmour, Sergeant Michael Chun and DOES 1 through 50, inclusive, as follows:

## VENUE AND JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Santa Monica, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all relevant times herein, Plaintiff Guven Uzun ("UZUN") was and is a resident of the State of California in the County of Los Angeles.

COMPLAINT

4. Defendant City of Santa Monica (COSM) is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the Stars of California; and at all times herein mentioned Defendant COSM possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Santa Monica Police Department ("SMPD") and its tactics, methods, practices, customs and usages. UZUN filed a government claim against COSM on December 2, 2019 and COSM rejected the claim on January 7, 2020. ("Exhibit 1").

5. Defendant SMPD Officer Arsenio Valenzuela (#3831) ("VALENZUELA") is, and at all times in this complaint was, an individual employed by COSM and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSM.

6. Defendant SMPD Officer Evan Raleigh ("RALEIGH") is, and at all times in this complaint was, an individual employed by COSM and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSM.

7. Defendant SMPD Officer Ryan King ("KING") is, and at all times in this complaint was, an individual employed by COSM and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSM.

8. Defendant SMPD Sergeant Lewis Gilmour ("GILMOUR") is, and at all times in this complaint was, an individual employed by COSM and/or its subsidiaries as a Sergeant, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSM.

9. Defendant SMPD Sergeant Michael Chun ("CHUN") is, and at all times in this complaint was, an individual employed by COSM and/or its subsidiaries as a Sergeant, acting within the

COMPLAINT

course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSM.

10. At all relevant times mentioned herein and material hereto, the Defendant DOE Officers described below engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COSM, duly employed as police officers by the SMPD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

11. Plaintiff UZUN is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff UZUN who, therefore, sues said Defendants by such fictitious names.

12. Plaintiff UZUN will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

14. Dr. Uzun is a Turkish-American 53-year-old.

15. Upon information and belief, on or about June 7, 2019 at approximately 12:23 a.m., SMPD Officer VALENZUELA was dispatched to the Santa Monica Hospital Emergency Room regarding a report of child abuse that occurred at 616 Georgina Avenue, Santa Monica, CA 90402. The hospital staff indicated the patient was claiming her father (UZUN) pulled her down

by her hair and took a fist to her face. There were no visible injuries reported (no bruise, scratch, bleeding, discoloration of skin or cut).

16. SMPD Officer VALENZUELA spoke with UZUN's daughter and UZUN's wife at the hospital. UZUN's daughter claimed, according to the police report, that UZUN pulled her hair. UZUN's wife was not a witness to this. UZUN's wife claimed UZUN also pulled UZUN's wife's hair. SMPD Officer VALENZUELA saw no visible injuries (no bruise, scratch, bleeding, discoloration of skin or cut). SMPD Officer VALENZUELA did not talk to any physician at the Santa Monica Hospital Emergency Room about any diagnosis or prognosis of UZUN's daughter or UZUN's wife.

17. Plaintiff UZUN had no criminal record. Plaintiff UZUN is a prominent member of the community and was a physician. Plaintiff UZUN has been living in Santa Monica for 8 years without any incident or complaint. UZUN also had an urgent care, which UZUN's wife could have gone. SMPD Officers VALENZUELA, RALEIGH, KING and SMPD Sergeants GILMOUR and CHUN went to UZUN's residence at 616 Georgina Avenue, Santa Monica, CA 90402. The police video shows that all defendants were with UZUN's wife waiting outside.

18. At approximately 1:00 am in the morning, SMPD Officer VALENZUELA made a contact with Plaintiff UZUN at UZUN's doorway when UZUN was inside at his house. Plaintiff UZUN explained that he did not touch anybody and explained that alleged victim daughter was attacking his 11-year-old boy with a nerf gun the day prior and when his son asked for help about mathematics homework, UZUN's daughter was using profanities and refusing to help. Plaintiff UZUN was just trying to separate his kids and calm them down. SMPD Officer VALENZUELA did not interview UZUN's two sons who were inside the house who were a witness of this event.

19. Without interviewing UZUN's two sons who were inside the house, SMPD Officers VALENZUELA, RALEIGH, KING and SMPD Sergeants GILMOUR and CHUN decided to arrest Plaintiff UZUN. SMPD Officer VALENZUELA falsely reported that Plaintiff was uncooperative. Without any urgency or any warrant, SMPD Officers VALENZUELA,

RALEIGH, KING and SMPD Sergeants GILMOUR and CHUN intimidated Plaintiff UZUN and constructively forced him to step outside his house.

20. While SMPD Officer VALENZUELA was continuing to question Plaintiff UZUN, he rushed and with extreme excessive force grabbed Plaintiff UZUN's hands from the back with a very violent twist and handcuffed Plaintiff UZUN. This violent and unlawful arrest caused Plaintiff UZUN to feel immediate sensation on his right hand and have radial nerve cut. Plaintiff UZUN complained to SMPD Officers VALENZUELA, RALEIGH, KING and SMPD Sergeants GILMOUR and CHUN that his hand was hurt. Plaintiff UZUN was transported to Santa Monica Police Department Jail. Plaintiff UZUN complained about the abuse and because of this said Defendants falsely reported Plaintiff UZUN of forcibly resisting arrest.

21. Based on the Defendant Officers' false statements within their reports, the City Attorney charged Plaintiff UZUN with misdemeanor resisting arrest, battery and child abuse.

22. After this incident, Los Angeles Department of Children and Family Services ("DCFS") thereafter interviewed all witnesses and dropped the case against Plaintiff UZUN and found no child abuse or battery of any kind. DCFS found no reason to separate Plaintiff UZUN from the family due to any kind of violation of law.

23. As a result of the excessive force Defendant Officers applied against Dr. Uzun, Dr. Uzun suffered extreme physical pain. In additional to the physical injuries Dr. Uzun suffered at the hands of Defendant Officers, Dr. Uzun also suffered loss of liberty and emotional trauma. Dr. Uzun was admitted UCLA Hospital for chest pain in October of 2019 due to as Defendants' conduct caysed severe detrimental health effects due to psychological trauma and stress.

24. Defendants COSM, SMPD Officers VALENZUELA, RALEIGH, KING and SMPD Sergeants GILMOUR and CHUN, and DOES 1 through 50, inclusive owed to Plaintiff non-consensual duties set forth in California Penal Code Sections 118.1 (false police report): 148.5 (false report of a crime); 134 (preparing false evidence); 132 (offering false evidence); 127 (subordination of perjury); 137 (induce false testimony); 182(1) (conspiracy to commit crime);

182(2)(conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

## FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE 42 U.S.C. § 1983
(Against VALENZUELA, RALEIGH, KING GILMOUR and CHUN, and DOES 1 through 50, inclusive)

25. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

26. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

27. As a result of the above described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

    a. VALENZUELA arrested Plaintiff UZUN, without a warrant, probable cause or reasonable suspicion.

    b. VALENZUELA used excessive force during the course of the arrest and twisted Plaintiff UZUN's right hand intentionally causing radial nerve cut injury.

28. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

29. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful detention and arrest, or because they failed to intervene to prevent these violations.

COMPLAINT

30. At no point did Dr. UZUN pose a reasonable threat of violence or danger to the Defendant Officers or to any other individual. Dr. Uzun made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officer that Dr. UZUN had the will or ability to inflict substantial bodily harm against any individual.

31. Additionally, Defendant Officers acted entirely without probable cause or reasonable suspicion that Dr. UZUN had committed, was committing, or would commit any crime.

32. Lastly, at no point during the incident did Dr. UZUN show any sign of resisting the Defendant Officers.

33. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this claim.

### SECOND CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS - FALSE ARREST 42 U.S.C. § 1983
### (Against VALENZUELA, RALEIGH, KING GILMOUR and CHUN, and DOES 1 through 50, inclusive)

34. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

35. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

36. As a result of the above described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

a. While SMPD Officer VALENZUELA was continuing to question Plaintiff UZUN, he rushed and with extreme excessive force grabbed Plaintiff UZUN's hands from the back with a

very violent twist and handcuffed Plaintiff UZUN. This violent and unlawful arrest caused Plaintiff UZUN to feel immediate sensation on his right hand and have radial nerve cut. VALENZUELA arrested Plaintiff UZUN without a warrant, reasonable suspicion or probably or probable cause to believe Dr. Uzun committed, was committing, or would commit a crime.

37. The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers and Sergeants.

38. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful detention and arrest, or because they failed to intervene to prevent these violations.

39. Dr. UZUN was arrested without a warrant, probable cause, or reasonable suspicion.

40. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this claim.

## THIRD CAUSE OF ACTION
### NEGLIGENCE-Cal. Govt. Code §§ 815.2(a), 820(a)
### (Against VALENZUELA, RALEIGH, KING GILMOUR and CHUN, and DOES 1 through 50, inclusive)

41. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

42. Plaintiff is informed and believes and there upon alleges that Defendant Officers, Sergeants and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently approaching and detaining Plaintiff without probable cause or reasonable suspicion to believe that Plaintiff had or was committing a crime, negligently using excessive and unreasonable

Page 9

COMPLAINT

physical force upon the person of Plaintiff, when the same was unnecessary and unjustified, negligently failing to determine that Plaintiff posed no threat of physical harm to any person when Plaintiff was assaulted and battered, negligently attacking Plaintiff as described, negligently failing to intercede when fellow Defendant Officers violated Plaintiff's constitutional rights, and negligently failing to render timely medical aid to Plaintiff after he was injured by the individual defendants. All of these negligent acts proximately caused severe injuries to Plaintiff, as described herein.

43.　As a result of these acts, Dr. UZUN was placed in great fear of his life and physical well-being. Moreover, due to the negligent acts of each of these Defendant Officers and Sergeants, Dr. UZUN has suffered and will continue to suffer serious pain and severe mental anguish.

44.　As a proximate result of the above-mentioned conduct of Defendant Officers, and each of them, Plaintiff has been required to employ and did employ physicians and surgeons to examine, treat, and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### ASSAULT AND BATTERY
**(Against VALENZUELA, RALEIGH, KING GILMOUR and CHUN, and DOES 1 through 50, inclusive)**

45.　Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

46.　On June 7, 2019, Defendant Officers, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiff by acts which included, but were not limited to: forcefully grabbing Dr. Uzun's arms; twisting Plaintiff UZUN's hands with an extremely violent force during the handcuffing process; pressing on Dr. Uzun's hand with excessive force; placing Dr. UZUN in reasonable apprehension that he would be battered

again.

47. In assaulting and battering Plaintiff as described herein, Defendant Officers and Sergeants proximately caused severe and potentially permanent injuries to Dr. UZUN.

48. Both prior to and during the time in which he was assaulted and battered, Plaintiff was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers and Sergeants, nor to any other individual. When he was attacked, as described herein, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

49. As a result of the above alleged conduct, Plaintiff suffered serious bodily harm including, but not limited to, right hand radial nerve cut.

50. As a result of these acts, Dr. UZUN was placed in great fear of his life and physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Officers, Plaintiff has suffered and will continue to suffer extreme pain and severe mental anguish.

51. As a proximate result of the aforementioned conduct of Defendant Officers and Sergeants, and each of them, Plaintiff has been required to employ and did employ physicians to examine, treat and care for him, and incurred other incidental medical expenses in an amount according to proof at trial.

52. The aforementioned acts and omissions alleged herein were intended by each Defendant Officer and Sergeant to cause injury to Plaintiff, and were done with a conscious disregard for the rights and safety of Plaintiff, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

///

///

COMPLAINT

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE BANE ACT
## Cal. Civil Code §§ 52 and 52.1
### (Against VALENZUELA, RALEIGH, KING GILMOUR and CHUN, and DOES 1 through 50, inclusive)

53. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

54. As alleged herein, Defendants interfered with Dr. Uzun's rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

55. The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment. Defendants, by engaging in deliberate indifference to Dr. UZUN's right to be free from unreasonable search and seizure interfered with Dr. UZUN's enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

56. As a result of their conduct, Defendants are liable for Dr. UZUN's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

57. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Dr. UZUN sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, as well as harm to his reputation in the community.

COMPLAINT

58. The conduct of Defendant Officers, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Dr. UZUN, entitling Plaintiff to an award of exemplary and punitive damages. Plaintiff does not seek punitive damages against the COSM.

59. Plaintiff seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages, according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorney's fees pursuant to 42 U.S.C. § 1983 & California Civil Code 13 § 52.1 (h);
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: June 28, 2020

THE AGOPOGLU LAW CORP., PLC

By: _____
Berc Agopoglu
Attorney for Plaintiff
GUVEN UZUN

COMPLAINT

# EXHIBIT 1

**Risk Management**
**Liability Claims Unit**
717 Fourth Street, Suite 270
Santa Monica, California 90401
Tel: 310-458-8374
Fax: 310-576-4623

**Santa Monica**

January 7, 2020

Guven Uzun
3102 Strand, Way #101
Marina Del Rey, California 90292

| | |
|---|---|
| Claimant Name | Uzun, Guven |
| Date of Incident | 6/7/2019 |
| Log Claim Number | 19-0793 |

Guven Uzun:

Notice is hereby given that the claim, which you presented to the City of Santa Monica, a Municipal Corporation, on 12/2/2019 was rejected on 1/7/2020.

## WARNING

SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON THIS CLAIM. SEE GOVERNMENT CODE SECTION 945.6.

YOU MAY SEEK THE ADVICE OF AN ATTORNEY OF YOUR CHOICE IN CONNECTION WITH THIS MATTER. IF YOU DESIRE TO CONSULT AN ATTORNEY, YOU SHOULD DO SO IMMEDIATELY.

Regards,

*[signature]*

Michael Mack
Liability Claims Adjuster, 310-458-2201 x5944

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare under penalty of perjury under the laws of the State of California that I hold the position indicated below, that on this date below set forth I deposited the foregoing rejection letter in the U.S. Mail addressed as set forth above in a sealed envelope, postage fully prepaid.

*[signature]* 1/7/2020

Michael Mack — Liability Claims Adjuster. Executed in Santa Monica, California.

# CLAIM AGAINST THE CITY OF SANTA MONICA
(FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

Received by _____ via
- U.S. Mail ☐
- Inter-Office Mail ☐
- Over the Counter ☐

CLERK'S TIME STAMP

Claims for death, injury to person or to personal property must be filed within **six months** after the occurrence. Claims for damages to real property must be filed within **one year** after the occurrence (Government Code Section 911.2). **Be sure your claim is against The City of Santa Monica** and not another public or private entity. Where space is insufficient, please use additional paper and identify your response for the specific numbered question. **Completed claims must be mailed or delivered to: The City Clerk, City of Santa Monica, 1685 Main Street, Santa Monica, CA 90401.** (NO FAX) Disability related assistance and alternative formats are available upon request. Call (310) 458-8374.

To: The City of Santa Monica, California

1. NAME OF CLAIMANT: Guven Uzun     OCCUPATION: Self-Employed

   a. ADDRESS OF CLAIMANT: 4712 Admiralty Way, #930
   b. CITY/STATE/ZIP CODE: Marina Del Rey, CA 90292
   c. PHONE NO.: (917) 392-4048     d. DATE OF BIRTH: March 3, 1967
   e. DRIVER'S LIC. NO.: D2851292     f. DRIVER'S STATE: California

2. Name, address and telephone number to which claimant desires correspondence to be sent if **OTHER** than above:

3. Occurrence or event from which the claim arises:   a. DATE: June 7, 2019   b. TIME: 2:00 a.m.

   c. PLACE (exact and specific location): 616 Georgina Avenue, Santa Monica, CA 90402

4. For claims against Santa Monica's Big Blue Bus lines **ONLY**:

   a. Where boarded the bus? _____
   b. Where did the damage or injury occur? Give location of streets and city: _____

   c. Bus No.: _____ Line No.: _____ Bus Operator's Badge #: _____
   d. Were you a passenger on Big Blue Bus? ☐  Other vehicle? ☐  Driver of other vehicle? ☐  Pedestrian? ☐

   Owner of other vehicle or property? _____

5. How and under what circumstances did the damage or injury occur? Specify the particular occurrence, event, act or omission by the City of Santa Monica and/or its employee(s) you claim caused the injury or damage. (use additional paper if necessary): Santa Monica Police Department Officer Arsenio Valenzuela, while within scope of his employment, falsely arrested me based on insufficient evidence claimed by alleged victims. When Officer Valenzuela handcuffed me, he used excessive and unreasonable force with intent to harm me. I did not consent to this excessive and unreasonable force. I was restrained by the officer against my will, without legal authority, because there was no arrest warrant.

RM /JL/ 04/09

6. Give a description of the injury, property damage or loss, so far as is known at the time of this claim. If there were no injuries, state "NO INJURIES":
Right hand radial nerve cut. Worsening of PTSD. Suffered great indignity, humiliation, anxiety and depression.

7. Give the name(s) of the City of Santa Monica employee(s) causing the damage or injury:
Officer Arsenio Valenzuela; Officer Evan Raleigh; Officer Ryan King; Sergeant Lewis Gilmour; Sergeant Michael Chun.

8. Witnesses to the Damages or Injuries you are claiming - Name, address and telephone number:
   a. Deniz Uzun, Aydin Atilla Uzun, and Osman Uzun.
   b. 616 Georgina Avenue, Santa Monica, CA 90402 (all same address)
   c. (310) 310-3706

9. If claiming damages to a motor vehicle, please provide the following information:
   Make of Vehicle: _____ Model: _____ Year: _____ Vehicle License Plate Number: _____
   Describe Vehicle Damages: _____

10. Damages claimed:
    a. Amount claimed as of this date: $ 2,000,000.00
    b. Estimated amount of future costs: $ 50,000,00.00
    c. Total amount claimed: $ 52,000,000.00
    d. Basis for computation of amounts claimed (attach copies of all bills, invoices, estimates, photos, etc.):
    Legal fees, loss of business, reputation and loss of future income and business.

    e. The monentary amount of the claim determines the courts jurisdiction: PLEASE SELECT:
    Small Claims: $7500 or less - ☐   Limited Jurisdiction: $7500 - $25,000 - ☐   Unlimited Jurisdiction: $25,000 + ☑

11. Names, telephone numbers and addresses of all Doctors and Hospitals treating your claimed injuries:
    a. Dr. Lana Milton, 415 N. Crescent Drive, Beverly Hills, CA 90210, 310-859-0526
    b. Dr. Rosabel Young, 323 N. Prairie Ave. #208, Inglewood, CA 90301, 310-680-0300
    c. Dr. Selina Mathews, 9171 Wilshire Blvd., Beverly Hills, CA 90210, 310-968-5750

12. Police Responded: Yes ☑  No ☐  Report #: Santa Monica PD    Police Agency: Santa Monica PD

13. Any additional information that might be helpful in considering this claim:
None of the alleged victims had any visible injuries and Department of Children and Family Services found no evidence of any abuse to alleged victims.

**WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM! (Penal Code §72; Insurance Code §556.1)**

I have read this claim and know that the matters and statements contained therein are true of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

Signed this 29th    day of November, 20 19    at Los Angeles, CA

I declare under Penalty of Perjury that the foregoing, including any attachments, is true and correct.

Office of the City Clerk
Santa Monica, California                    _____ CLAIMANT SIGNATURE

Note: This document is a Public Record and may be disclosed/released pursuant to the California Public Records Act.

RM / JL/04/09